FILED
2021 JUN 1 AM 9:47
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DELMAR A. F.,<br><br>                     Plaintiff,<br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                     Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE DECISION OF THE COMMISSIONER<br><br>Case No. 2:20-cv-234 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Delmar A. F.'s (Plaintiff's) appeal of the Commissioner's final decision denying his application for disability and disability insurance benefits (DIB), and the denial of his application for supplemental security income (SSI).[1] After reviewing the parties' memoranda and relevant case law, the court finds substantial evidence supports the Administrative Law Judge's (ALJ) decision. Therefore, discerning no reversible error, the court affirms the decision of the Commissioner.[2]

## BACKGROUND

Mr. F[3] applied for DIB and SSI in October 2016, alleging disability as of July 15, 2015. Plaintiff then amended his alleged onset date to September 16, 2016, at the hearing before the ALJ. Plaintiff alleges disability due to physical and mental impairments including lumbar disc

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C § 636(c). (ECF No. 17.)

[2] Plaintiff filed his opening brief as a "Motion for Review of Agency Action" in CM/ECF. (ECF No. 20.) Under the Local Rules, a review of an administrative agency decision is not to include a motion for judgment on the pleadings, a motion for summary judgment, or a motion to affirm or reverse an agency's decision. DUCivR 7-4 (2020). To the extent that Plaintiff seeks remand of this matter via such a motion, the motion is denied.

[3] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1.

disease, generalized anxiety disorder, depressive disorder, and borderline personality disorder. Tr. 39.[4] To establish disability, Mr. F must show that he has an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …." 42 U.S.C. § 423(d).

Following an initial denial of benefits, Plaintiff requested and received a hearing before an ALJ. After the hearing, the ALJ rendered a decision according to the five-step sequential evaluation process. *See* 20 CFR 404.1520(a) (describing the five-step evaluation process); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework the Social Security Administration uses to determine disability). At step two, the ALJ found Plaintiff had the severe impairments of degenerative disc disease lumbar spine and spina bifida occulta. Tr. 16. The ALJ considered other impairments including depression, generalized anxiety disorder, panic disorder without agoraphobia, and alcohol use disorder, finding each of these to be nonsevere. Tr. 17. In addition, the ALJ specifically noted that no acceptable medical source diagnosed Plaintiff with bipolar disorder, borderline personality disorder, or attention deficit hyperactivity disorder (ADHD). Tr. 18.

After finding Plaintiff's impairments did not meet or equal a listed impairment, *see* 20 C.F.R. § 404, Subp P. Appx 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526), the ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform the full range of medium work as set forth in 20 C.F.R. 404.1567. After considering the medical evidence in the record, and the testimony of a vocational expert, the ALJ found at step four, that Plaintiff could

---

[4] Tr. refers to the transcript of the administrative record before the court.

perform past relevant work as a sign installer and maintenance worker. Thus, Plaintiff was not disabled. Tr. 23.

The Appeals Council subsequently denied review, making the ALJ's decision the Commissioner's final decision for purposes of review. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003). On appeal, Plaintiff asserts the ALJ erred by finding his borderline personality disorder and ADHD non-severe impairments "for the sole reason that they were not diagnosed by an acceptable medical source." Pla. Brief p. 4 (emphasis omitted), ECF No. 20.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In the context of a social security appeal, "the threshold for such evidentiary sufficiency is not high." *Id.* Finally, "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

3

## ANALYSIS

Plaintiff argues the ALJ erred by finding his borderline personality disorder and ADHD non-severe impairments. He alleges this was "for the sole reason that they were not diagnosed by an acceptable medical source." Pla. Brief p. 4 (emphasis omitted). The record, however, shows that Milo Garcia, CMHC, diagnosed these impairments in a report that Ronald B. France, PhD, co-signed. Dr. France is an acceptable medical source under the regulations. Therefore, according to Plaintiff, evidence co-signed by an acceptable medical source should be considered by the ALJ as produced by both sources. Plaintiff cites to a line of cases in support of this position.

In *Nichols v. US Soc. Sec. Admin., Acting Comm'r*, 2018 DNH 047, 2018 WL 1307645, at *10 (D.N.H. Mar. 13, 2018), the court found a second report, which was co-singed by an acceptable medical source, different that the first report that was only signed by a non-acceptable source. In reaching this decision, the *Nichols* court cited to *King v. Colvin*, 128 F.Supp.3d 421, 436 n.14 (D. Mass. 2015), a case to which Plaintiff also cites. In *King v. Colvin*, the court found that a report signed by both a non-acceptable medical source, and an acceptable medical source, constitutes the opinion of both sources. Finally, Plaintiff cites to *Swanson v. Comm'r of Soc. Sec. Admin.*, 274 F. Supp. 3d 932, 936 (D. Ariz. 2017), where the court determined that a "nurse practitioner working closely with and under the supervision of an acceptable medical source qualifies as an acceptable medical source." *Id.* Thus, under those circumstances, the court held that the ALJ erred in failing to consider the nurse practitioner's opinion as an acceptable medical source.

Although each of these cases are outside the Tenth Circuit, the court does not disagree with their persuasive value. A non-acceptable medical source opinion could raise to the level of

an acceptable medical source opinion in certain circumstances. Yet, the current case is distinguishable from these cases because Dr. France did not examine Plaintiff, never participated in his care, and even signed the report two days later. In short, Dr. France's involvement with Plaintiff was much less than that of the acceptable medical sources that co-signed reports in Plaintiff's cases. Plaintiff's assertion that Dr. France supervised Mr. Garcia is not enough to save Plaintiff's argument. The court does not find similar details here as those set forth in *Swanson*, that established a supervisor relationship between a non-acceptable medical source and an acceptable medical source. In addition, as counsel conceded at argument before the ALJ, the report at issue is a vocational rehab assessment, which also places the report in a more questionable light. Tr. 40.

Finally, and perhaps more important, is the fact that this is one outlying report, which stands in stark contrast to the other evidence the ALJ cites to in the record. The ALJ noted reports from other acceptable medical sources that were consistent with a lack of evidence indicating severe mental impairments. Such evidence is sufficient to decide this case in favor of the Commissioner under the substantial evidence standard.

## CONCLUSION AND ORDER

On appeal this court is charged with determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax*, 489 F.3d at 1084. On the record before the court, the court finds the Commissioner's decision supported by substantial evidence.

Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 1 June 2021.

_____
Dustin B. Pead
United States Magistrate Judge